# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| _____ ) | |
| BOOKING.COM B.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-425-LMB-IDD |
| ) | |
| JOSEPH MATAL, ) | |
| Performing the Function and Duties ) | |
| Of the Under Secretary of ) | |
| Commerce for Intellectual Property ) | |
| and Director of the United States ) | |
| Patent and Trademark Office, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## BOOKING.COM'S MEMORANDUM IN PARTIAL OPPOSITION TO PTO MOTION UNDER RULE 59(e)TO AMEND JUDGMENT

### I.      INTRODUCTION

Before the U.S.P.T.O. filed the present motion, Booking.com explained during the parties' meet and confer that it would consent to amendment of the judgment herein to specify that the four applications be remanded to the U.S.P.T.O. to publish the marks for opposition. As set forth by statute, that is the required course of conduct and only course of conduct. The very fact that the U.S.P.T.O. instead seeks a more indirect specification in the decretal language of the judgment only raises needless questions, and to that extent, Booking.com believes the motion should be denied.

1

## II.   <u>ARGUMENT</u>

### A.   The Only Possible Course of Conduct for the U.S.P.T.O. Is to Publish the Marks for Opposition.

15 U.S.C. §1062(a), entitled "Examination and publication," provides in relevant part:

Upon the filing of an application for registration and payment of the prescribed fee, the Director shall refer the application to the examiner in charge of the registration of marks, who shall cause an examination to be made and, if on such examination it shall appear that the applicant is entitled to registration, or would be entitled to registration upon the acceptance of the statement of use required by section 1051(d) of this title, the Director *shall cause the mark to be published in the Official Gazette of the Patent and Trademark Office*.   (Emphasis added.)

By contrast, Section 1062(b) specifies what the Director (*i.e.*, the U.S.P.T.O.) must do if a mark applied for is found not entitled to registration.

Booking.com acknowledges that the procedure specified by statute is that when a mark is approved by the U.S.P.T.O. (or by a court under 15 U.S.C. §1071), the proper and specified course of conduct for the U.S.P.T.O is to publish the mark for opposition.   As a matter of express statutory requirement, not administrative procedure, this is the U.S.P.T.O.'s only course of conduct.   Hence, the recitation in the U.S.P.T.O. motion to correct the judgment by applying considerations of administrative law do not apply.[1]

*PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995), cited by the U.S.P.T.O., specifically addressed on review "a question of law, and only a question of law," requiring the Department of Labor to apply the law on remand.   Here, by contrast, the Court ruled on all issues of fact and law, leaving nothing for the U.S.P.T.O. to do on remand.   (*See* Memorandum Opinion, ECF 87, at 6 n.2.).   There simply are no issues of administrative law or any factual questions to address.

---

[1] As a practical matter, moreover, the PTO motion identifies no procedural options for the USPTO other than to publish the Booking.com trademarks for opposition.

The other cases cited by the U.S.P.T.O., such as *FCC v. Pottsville Broad. Co.*, 309 U.S. 134 (1940), are readily distinguishable in at least two important respects.  First, the court in *Pottsville* was limited to "correct[ing] errors of law," *id.* at 145, while under Section 1071 this Court was asked simply (and specifically) to determine whether the "applicant is entitled to a registration," 15 USC § 1071(b)(1), and "act[ed] as the trier of fact."  *Shammas v. Focarino*, 784 F.3d 219, 225 (4th Cir. 2015).  Equally or more important, the agency in *Pottsville*, the FCC, was not limited by statue to a specific course of conduct based on the findings made by the appellate court.  Rather, after its error had been corrected, "the Commission was again charged with the duty of judging the application in the light of 'public convenience, interest, or necessity.'"  *Pottsville*, 309 U.S. at 145.  There were, in fact, two other competing applications for the license at issue in *Pottsville*, and thus, the appellate court's writ of mandamus to issue the license would have "creat[ed] rights of priority in the respondent, as against the later applicants, which it would not have otherwise possessed."  *Id.*  Unlike *Pottsville*, here there is only one course of conduct open to the PTO based on the findings of the Court and the requirements of the statute: to publish the mark for opposition.  *See In re Wella A.G.*, 858 F.2d 725, 728–29 (Fed. Cir. 1988) ("Once the Board determined [the one issue identified for remand] that should have been the end of the case. The Board then should have published the mark for opposition.").

Indeed, even as an administrative matter, the U.S.P.T.O. has no discretion to do anything other than what the statute dictates.  Section 1708 of the Trademark Manual of Examining Procedure, entitled, "Waiver of Rules," thus acknowledges that:

> The Director has no authority to waive or suspend the requirement of a rule that is also a requirement of the statute, such as the deadline for filing an affidavit or declaration under §8 or §71 (15 U.S.C. §§1058, 1141k), or a renewal application under §9 (15 U.S.C.  §1059). *See Checkers Drive-In Rest., Inc. v. Comm'r of Patents & Trademarks*, 51 F.3d 1078, 1085, 34 USPQ2d 1574, 1581 (D.C. Cir. 1995), cert. denied 516 U.S. 866 (1995) ("[I]n establishing cancellation as the

3

penalty for failure to file the required affidavit, Congress made no exception for the innocent or the negligent. Thus, the Commissioner had no discretion to do other than cancel Checkers's service mark registration in this case."); *In re Holland Am. Wafer Co.*, 737 F.2d 1015, 1018, 222 USPQ 273, 275 (Fed. Cir. 1984) ("Timeliness set by statute is not a minor technical defect which can be waived by the Commissioner."). Therefore, a petition that requests a waiver of a statutory requirement will be dismissed, as the Director lacks authority to grant such a petition.

Moreover, although the U.S.P.T.O. cites 37 C.F.R. § 2.67 ("Suspension of action by the Patent and Trademark Office"), it has not identified "good and sufficient cause," or indeed any cause, for the U.S.P.T.O. to suspend further action or do anything other than publish the four marks for opposition. To the contrary, because Section 1062(a) specifies what the U.S.P.T.O. must do once a mark has been found entitled to registration, the Director lacks authority under the U.S.P.T.O.'s own rules to do anything other than comply with the statute. There simply are no issues of administrative law to address.

The four applications should be published forthwith and without further delay. It is precisely for this reason that Booking.com has responded to the U.S.P.T.O. motion immediately, so as not to permit any needless delay.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the U.S.P.T.O.'s motion to amend the judgment should be denied in part inasmuch as the U.S.P.T.O. would have this Court permit any outcome other than that required by statute or to delay publication.

4812-1154-2351.2

Dated: September 13, 2017              Respectfully submitted,

                                       FOLEY & LARDNER LLP

By:  */s/ Brian J. Kapatkin*
       Brian J. Kapatkin (VSB No. 75061)
       Katherine Califa (*pro hac vice*)
       Eoin Connolly (*pro hac vice*)
       3000 K St. NW, Suite 600
       Washington, D.C. 20007
       bkapatkin@foley.com
       kcalifa@foley.com
       econnolly@foley.com
       Telephone:  (202) 672-5300
       Facsimile:  (202) 672-5399

        and

       Jonathan E. Moskin (*pro hac vice*)
       90 Park Avenue
       New York, NY 10016
       jmoskin@foley.com
       Telephone:  (212) 682-7474
       Facsimile:  (212) 687-2329

       *Attorneys for Plaintiff Booking.com B.V.*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of September, 2017, I caused the foregoing to be

served via the Court's CM/ECF system on all counsel of record for Defendants.

By: */s/ Brian J. Kapatkin*
      Brian J. Kapatkin (VSB No. 75061)
      3000 K St. NW, Suite 600
      Washington, D.C. 20007
      bkapatkin@foley.com
      Telephone:  (202) 672-5300
      Facsimile:  (202) 672-5399