UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOOKING.COM B.V., )<br>)<br>       Plaintiff, )<br>)<br>)<br>JOSEPH MATAL, )<br>Performing the Function and Duties of the )<br>Under Secretary of Commerce for )<br>Intellectual Property and Director of )<br>the United States Patent and )<br>Trademark Office, *et al.*, )<br>)<br>       Defendants. ) | Civil Action No. 1:16-cv-425-LMB-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR EXPENSES**

Defendants Joseph Matal, in his official capacity performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the United States Patent and Trademark Office (collectively "USPTO"), through their undersigned counsel, hereby respectfully submit this memorandum of law in support of their motion for expenses, pursuant to 15 U.S.C. § 1071(b)(3), in the above-captioned action.

**INTRODUCTION**

Following a decision of the Trademark Trial and Appeal Board ("Board") affirming the refusal to register "booking.com" covered in various forms by four applications owned by Plaintiff Booking.com B.V. ("Plaintiff"), Plaintiff elected against seeking direct appellate review in the United States Court of Appeals for the Federal Circuit. Instead, Plaintiff filed the instant action in this Court against the USPTO pursuant to 15 U.S.C. § 1071(b)(1). On August 9, 2017,

1

this Court entered summary judgment in favor of Plaintiff, in part, and in favor of the USPTO, in part.

The statutory language of § 1071(b)(3) clearly provides that "all the expenses of the proceeding shall be paid by the party bringing the case, whether the final decision is in favor of such party or not." 15 U.S.C. § 1071(b)(3). Put simply, Congress understood the greater burden that defending these types of proceedings, as opposed to direct appellate review, imposes on the USPTO. Congress therefore mandated that if an applicant elected to proceed in this Court, and have the opportunity to introduce new evidence, the applicant would be required to pay the expenses that the USPTO incurred in defending the action. As the Fourth Circuit has recognized, "all the expenses" includes, *inter alia*, deposition expenses, travel expenses, expert-related expenses, and expenses for attorneys and paralegals to defend the Board's decision in this Court. *See generally Shammas v. Focarino*, 784 F.3d 219 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1376 (Mar. 7, 2016). Through this motion, the USPTO seeks an order requiring Plaintiff to fulfill its statutory obligation to reimburse the USPTO for those expenses that it reasonably incurred in defending this action.

## PROCEDURAL HISTORY

Plaintiff commenced this civil action on April 15, 2016 (Dkt. No. 1). In its Complaint, Plaintiff sought this Court's review, pursuant to 15 U.S.C. § 1071(b), of several decisions of the Board refusing registration of its BOOKING.COM marks. Notwithstanding the clear statutory language contained within § 1071(b)(3) on this score, the USPTO's Answer placed Plaintiff on notice that "pursuant to section 21(b)(3) of the Lanham Act, 15 U.S.C. § 1071(b)(3)," the USPTO would ask this Court to "order Plaintiff to pay all Defendants' reasonable expenses, including but not limited to expense for attorneys' and paralegals' time, incurred in defending

this action, regardless of whether the final decision is in Plaintiff's favor or not." *Answer* (Dkt. No. 15), at 19 ¶C. Further, at the beginning of the case, counsel for the USPTO informed counsel for Plaintiff that pursuant to § 1071(b)(3) and the Fourth Circuit's decision in *Shammas*, 784 F.3d at 225, Plaintiff would be responsible for all expenses of the proceeding, regardless of outcome, including USPTO's attorney and paralegal expenses, to ensure that Plaintiff was fully aware of this statutory obligation.

After discovery and briefing, this Court heard oral argument on the parties' cross-motions for summary judgment. In a memorandum opinion dated August 9, 2017, this Court entered judgment in favor of Plaintiff, in part, and in favor of the USPTO, in part (Dkt. Nos. 87-88). The Clerk of this Court entered judgment in favor of the USPTO on the same day. Dkt. No. 89.

After receiving the judgment, counsel for the parties have attempted to resolve the issues raised in this motion without judicial intervention. Despite several discussions (both orally and in writing), the parties have not been able to reach agreement regarding Plaintiff's expenses obligation, thereby necessitating this motion.

## ARGUMENT

I. **A PLAINTIFF IN A § 1071(B) ACTION MUST PAY "ALL THE EXPENSES OF THE PROCEEDING"**

An unsuccessful trademark applicant has two potential avenues through which to seek Article III review of a decision by the Board affirming a refusal to register the applicant's mark. The applicant may take a direct appeal from the Board to the Federal Circuit, where the propriety of the Board's decision is adjudicated exclusively on the administrative record developed before the agency. *See* 15 U.S.C. § 1071(a); *see also Shammas*, 784 F.3d at 225. *Accord Kappos v. Hyatt*, 132 S. Ct. 1690, 1694 (2012) (discussing analogous patent statute). The applicant alternatively may file a civil action in federal district court, which authorizes the submission of

evidence in addition to the administrative record of proceedings before the USPTO. *See* 15 U.S.C. § 1071(b); *see also Shammas*, 784 F.3d at 225. That civil action is in practical effect a continuation of the examination proceeding. Just as an applicant before the USPTO must pay an application fee in order to help defray the costs of the USPTO's consideration of the application, a disappointed applicant who institutes a § 1071(b)(3) suit must compensate the USPTO for the expenses occasioned by the de novo proceeding.

The review scheme that gives disappointed applicants a choice between two types of judicial review also requires the applicant to pay "all the expenses of the proceeding" if it elects review by civil action in a district court. Section 1071(b)(3) provides:

> In any case where there is no adverse party, a copy of the complaint shall be served on the Director, and, unless the court finds the expenses to be unreasonable, *all the expenses of the proceeding shall be paid by the party bringing the case, whether the final decision is in favor of such party or not*.

15 U.S.C. § 1071(b)(3) (emphasis added). As this plain statutory language unmistakably provides, an applicant is responsible for the payment of such expenses regardless of whether he ultimately succeeds in reversing the Board's decision. *See id.* The Fourth Circuit has noted that the expenses requirement serves an important purpose:

> De novo civil actions . . . thus contemplate a more fulsome and expensive procedure. Since the statute requires an ex parte applicant to name the PTO as a party defendant to such a proceeding, the PTO is required to expend substantially greater time and effort and incur substantially greater expense than it would otherwise in an appeal to the Federal Circuit. By requiring the dissatisfied applicant to pay "all the expenses of the proceeding," whether the applicant wins or loses, Congress obviously intended to reduce the financial burden on the PTO in defending such a proceeding.

*Shammas*, 784 F.3d at 225. If Plaintiff did "not wish to pay the expenses of a de novo civil action, [it could have] appeal[ed] the adverse decision of the PTO to the Federal Circuit." *Id.*

4

It is thus indisputable that Plaintiff is responsible for paying the USPTO's reasonable "expenses" in this civil action. As the Fourth Circuit held in *Shammas*, § 1071(b)(3) represents "an unconditional compensatory charge imposed on a dissatisfied applicant who elects to engage the PTO in a district court proceeding" and this "compensatory charge" encompasses all reasonable expenses incurred, including "the PTO's salary expenses for the attorneys and paralegals who represent the Director." *Id.* at 221.

## II. THE USPTO IS ENTITLED TO REIMBURSEMENT OF ALL THE REASONABLE EXPENSES IT INCURRED IN LITIGATING THIS ACTION

Consistent with the broad, plain language, the phrase "all the expenses," as used in § 1071(b)(3) has been construed to include all of the reasonable expenditures by the government during the litigation. *See Shammas*, 784 F.3d at 222-27; *Shammas v. Focarino*, 990 F. Supp. 2d 587, 591 (E.D. Va. 2014) (Ellis, J.) ("[I]t is pellucidly clear Congress intended that the plaintiff in such an action pay for all the resources expended by the PTO during the litigation."). These expenses include, by way of example, the amount the government pays to its expert witness, *see Sandvik Aktiebolag v. Samuels*, 1991 WL 25774, at *1-2 (D.D.C. Feb. 7, 1991), printing expenses, *see Cook v. Watson*, 208 F.2d 529, 530-31 (D.C. Cir. 1953), travel expenses, *see Robertson v. Cooper*, 46 F.2d 766, 769 (4th Cir. 1931), and "the salaries of the PTO's attorneys and paralegals attributed to the defense of the action," *Shammas*, 784 F.3d at 227. In this respect, the Supreme Court has noted, the term "expenses" stands in juxtaposition to more limited terms such as "costs," which represent only "a fraction of the nontaxable *expenses* borne by litigants." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (emphasis added); *accord Shammas*, 784 F.3d at 224 (citing *Taniguchi*); 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2666 (3d ed. 1998) ("'Expenses,' of course, include all the expenditures actually made by a litigant in connection with the action.").

The USPTO seeks from this Court an order requiring Plaintiff to reimburse the agency for three types of expenses: (1) court reporter (including transcript) expenses for the deposition of the three expert witnesses (and related travel expenses for two of these depositions); (2) expert expenses (*i.e.*, those amounts paid by USPTO for the work of its own expert); and (3) those portions of the salaries of the pertinent USPTO attorneys and paralegals that were devoted to the litigation of this civil action. Although the USPTO incurred other expenses in this litigation, in an exercise of discretion, it has elected against seeking reimbursement of those expenses here.

### A.  COURT REPORTER AND TRAVEL EXPENSES

Court reporter and transcription expenses related to the deposition of Plaintiff's expert witness are plainly encompassed within § 1071(b)(3)'s broad "all the expenses" statutory mandate. Indeed, such expenses are taxable costs under 28 U.S.C. § 1920, *see, e.g.*, *Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 730 F. Supp. 2d 513, 531 (E.D. Va. 2010), and the Fourth Circuit has repeatedly held that "expenses" under § 1071(b)(3) are far broader than the narrow universe of taxable costs. *See Shammas*, 784 F.3d at 224; *Robertson*, 46 F.2d at 769 ("The evident intention of Congress in the use of the word 'expenses' was to include more than that which is ordinarily included in the word 'costs.'"); *see also Taniguchi*, 132 S. Ct. at 2006 (explaining that "[t]axable costs are limited to relatively minor, incidental expenses" and "are a fraction of the nontaxable expenses borne by litigants"); *Arlington Central Sch. Dist. v. Murphy*, 548 U.S. 291, 297 (2006). The USPTO is also entitled to travel expenses. *See Robertson*, 46 F.2d at 769 (holding travel expenditures encompassed within the statutory phrase "expenses of the proceeding").

As demonstrated by the attached invoices, Ex. A., the USPTO incurred court reporter and transcription expenses in the amount of $1,660.05 in connection with expert witness depositions.

As demonstrated by the attached receipts, Ex. B, the USPTO also incurred expenses for travel related to two of these expert depositions in the amount of $1,991.03.

### B. EXPERT EXPENSES

The USPTO is additionally entitled to seek reimbursement for expert expenses. *See, e.g.*, *Sandvik Aktiebolag v. Samuels,* 1991 WL 25774, at *1 (D.D.C. Feb. 7, 1991). Indeed, the Supreme Court has recognized that the term "expenses," when used in connection with civil litigation, generally includes expenditures for the employment of "experts." *Taniguchi*, 132 S. Ct. at 2006 (2012); *see also Shammas* 784 F.3d at 224 (citing *Taniguchi* and acknowledging same).

Both parties retained experts in this case. Plaintiff retained two people it sought to qualify as experts, Hal Poret and Dr. Sarah-Jane Leslie. The USPTO retained a single expert, Dr. Edward Blair, to offer a critique of and execute a report in response to a report offered by Mr. Poret. As demonstrated by the attached documentation (*i.e.*, an invoice received from Dr. Blair and the official documents demonstrating payment by the USPTO), Ex. C., the USPTO incurred expenses in the amount $21,750.00 with respect to its expert witness, including payments for Dr. Blair's underlying review, consultation, report, and analysis, and his appearance for deposition testimony.

### C. PROPORTIONAL SHARE OF ATTORNEY & PARALEGAL SALARIES

In *Shammas*, the Fourth Circuit "conclude[d] that § 1071(b)(3) requires a dissatisfied ex parte trademark applicant who chooses to file an action in a district court challenging the final decision of the PTO, to pay, as 'all the expenses of the proceeding,' the salaries of the PTO's attorneys and paralegals attributed to the defense of the action." *Shammas*, 784 F.3d at 227. That precedent is binding on this Court. Accordingly, "all the expenses" must include the proportional

share of the salaries of the attorneys and paralegals handling this case.[1]

The attached declarations demonstrate that the USPTO attorneys assigned to this case earn salaries ranging from $108,887 to $169,365, and the assigned paralegal earns $95,570. Exs. D-I. "[R]ather than using the market rate method, the PTO multiplied the number of hours its attorneys and paralegal devoted to the case by the actual hourly [salary] rate of the attorneys and paralegal. Thus, the resulting product of the hours worked times the actual hourly rate . . . is the amount § 1071(b) requires plaintiff to pay the PTO." *Shammas v. Focarino*, 990 F. Supp. 2d 587, 592 (E.D. Va. 2014), *aff'd*, 784 F.3d 219 (4th Cir. 2015).

---

[1] Prior to the Supreme Court's denial of certiorari in *Shammas*, Judge Lee ruled in the patent context—for purposes of 35 U.S.C. § 145—that "expenses" do not encompass the salary expenses for USPTO attorneys and paralegals. *See NantKwest, Inc. v. Lee*, No. 1:13cv1566, 2016 WL 520993 (E.D. Va. Feb. 5, 2016). Because that case occurred in the patent context with exclusive appellate review in the Federal Circuit, *see* 28 U.S.C. § 1295(a)(1), Judge Lee —unlike this Court here—was not bound by *Shammas*. *Id.* at *4 n.1. In contrast, here, to the extent that Plaintiff challenges that *Shammas* was wrongly decided, only the *en banc* Fourth Circuit or the Supreme Court can overrule that decision. Although an appeal in the *NantKwest* case is currently ongoing, *see NantKwest, Inc. v. Matal*, ---F.3d---, 2017 WL 3747354, at *1 (Fed. Cir. Aug. 31, 2017) (ordering *en banc* rehearing), any decision in *NantKwest* is irrelevant here because this Court remains bound by the Fourth Circuit's *Shammas* decision in this trademark context.

Accordingly, the total salary expenses for attorney and paralegal time are as follows:

| USPTO employee | (hours)(hourly expense rate) | Personnel expense |
|---|---|---|
| Mary Beth Walker | (418 hours) ($75.69/hr.) | $ 31,638.42 |
| Molly R. Silfen | (89.5 hours) ($76.81/hr.) | $ 6,874.46 |
| Christina J. Hieber | (29 hours) ($81.43/hr.) | $ 2,361.47 |
| Thomas L. Casagrande | (26 hours) ($76.81/hr.) | $ 1,997.06 |
| Marynelle Wilson | (137 hours) ($52.17/hr.) | $ 7,147.29 |
| Macia Fletcher | (31.75 hours) ($45.79/hr.) | $ 1,453.83 |
| **USPTO personnel expenses** | | **$ 51,472.53** |

Exs. D-I.[2]

### D. THE EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT ARE REASONABLE

The reasonableness of this request for reimbursement is highlighted not only by the extremely low "salary" rate used to calculate labor expenses, but also by considering what expenses for which the government has chosen *not* to seek reimbursement in this particular case.

First, the government does not seek reimbursement of the expenses associated with the substantial research it performed on Westlaw (for which the USPTO pays a substantial subscription fee) on this case. And the government does not seek reimbursement of the copying expenses incurred by either the USPTO or the U.S. Attorney's Office in this case.

In sum, the government's claim for $76,873.61 in expense reimbursement is not unreasonable.

---

[2] By comparison, these "hourly" rates are much lower than the rates that this Court's fellow Eastern District jurists has approved—through the well-established lodestar approach—for attorneys with analogous years of experience, in far less complicated litigation. *See, e.g., Tech Sys., Inc. v. Pyles*, 2013 WL 4033650, at *7 (E.D. Va. Aug. 6, 2013). For instance, for those with 11-19 years of experience (Ms. Walker), a range of rates between $520-770/hour was authorized. These "hourly" rates are also much lower than the actual hourly cost of the attorneys to the agency, including benefits.

9

### III. CONCLUSION

For the foregoing reasons, this Court should enter an order requiring plaintiff to remit to the USPTO $76,873.61, representing an undercounting of the amount of expenses incurred by the government in defense of this action, as required by 15 U.S.C. § 1071(b).

September 13, 2017

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: ⎯⎯⎯⎯⎯⎯/s/⎯⎯⎯⎯⎯⎯
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3891 (phone)
(703) 299-3983 (fax)
Dennis.Barghaan@usdoj.gov
*Counsel for Defendants*

*Of Counsel*:

NATHAN K. KELLEY
Solicitor

THOMAS W. KRAUSE
Deputy Solicitor

CHRISTINA J. HIEBER
Senior Counsel for Trademark Litigation

MARY BETH WALKER
MOLLY R. SILFEN
Associate Solicitors
United States Patent and Trademark Office

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a true and correct copy of the same to the following:

Brian J. Kapatkin
Foley & Lardner LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007
BKapatkin@foley.com

DATE: September 13, 2017            By: _____/s/_____

DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel.: (703) 299-3891
Fax: (703) 299-3983
Dennis.Barghaan@usdoj.gov
*Attorney for Defendants*