IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOOKING.COM, B.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16-cv-425 (LMB/IDD) |
| ) | |
| ANDREW HIRSHFELD, Performing the ) | |
| Functions and Duties of the Under Secretary ) | |
| of Commerce for Intellectual Property and ) | |
| Director of the United States Patent and ) | |
| Trademark office, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

The decision awarding $76,873.61 in expenses pursuant to 15 U.S.C. § 1071(b)(3) to defendants has been remanded by the Fourth Circuit to this Court "for further consideration in light of the United States Supreme Court's decision in Peter v. NantKwest, Inc., 140 S. Ct. 365 (2019)." [Dkt. No. 140]. The parties have briefed their positions and oral argument has not been requested. For the following reasons, the award will be reduced to $23,676.58.

I. PROCEDURAL BACKGROUND

Plaintiff, Booking.com, B.V. ("plaintiff" or "Booking") filed this civil action under 15 U.S.C. § 1073(b) challenging the United States Patent and Trademark Office ("USPTO" or "defendants")'s refusal to register four marks consisting of, or containing, the term BOOKING.COM.[1] The parties submitted cross motions for summary judgment, which were partially granted in favor of Booking by an order directing the USPTO to register plaintiff's

---

[1] The four trademark applications at issue were Serial No. 85485097 (the "'097 Application"); Serial No. 79114998 (the "'998 Application"); Serial No. 79122365 (the "'365 Application"); and Serial No. 79122366 (the "'366 Application").

marks in the '998 and '097 Applications, and remanding the '365 and '366 Applications for further administrative proceedings consistent with the accompanying Memorandum Opinion [Dkt. No. 88].

Based on the unique structure of 15 U.S.C. § 1071(b)(3), the USPTO, even though it was the losing party, filed a Motion for Expenses in which it sought to recover $76,873.61 consisting of $1,660.05 in court reporter and transcript expenses, $1,991.03 in travel expenses, $21,750.00 for expert expenses, and $51,472.53 in personnel expenses which were comprised of the fees for its attorneys and paralegals. [Dkt. No. 99]. After the parties fully briefed their positions, the Court granted the defendants' motion in its entirety and ordered plaintiff to pay the defendants $76,873.61. The Court also advised plaintiff that it could submit a Bill of Costs that might reduce that amount. On November 2, 2017, plaintiff submitted a Bill of Costs for $12,894.50 consisting of $625.00 in fees to the Clerk, $622.50 in fees for service of summons and subpoena, $97.00 in fees for transcripts, and $11,550.00 for the fees charged by plaintiff's two experts to prepare for, and attend. depositions requested by defendants. [Dkt. No. 113]. Before the Court could rule on that submission, the parties filed their cross appeals.

In its appeal, the USPTO took issue with the Court's entry of summary judgment in Booking's favor based on the holding that BOOKING.COM is a protectable mark. Booking cross-appealed the Court's decision granting the USPTO recovery of its attorney's fees under 15 U.S.C. § 1071(b)(3). The Fourth Circuit affirmed both the summary judgment and expenses decisions. Booking.com B.V. v. United States Pat. & Trademark Off., 915 F.3d 171, 175 (4th Cir.), as amended (Feb. 27, 2019). The Supreme Court granted the parties' petitions for certiorari, affirmed the decision that BOOKING.COM is a protectable mark, but vacated the award of attorney's fees to the defendants and remanded that decision to the Fourth Circuit for

2

further consideration in light of Peter v. NantKwest, Inc., 140 S. Ct. 365 (2019). 140 S. Ct. 2298 (2020); 141 S. Ct. 187 (2020). The Fourth Circuit in turn remanded this action to this Court "for further consideration in light of the United States Supreme Court's decision in [Peter]." [Dkt. No. 140].

## II. LEGAL BACKGROUND

When the USPTO rejects an application for a trademark, the applicant has two mutually exclusive ways to seek reversal of that outcome. The first is to appeal the rejection to the United States Court of Appeals for the Federal Circuit. 15 U.S.C. § 1071(a)(1). Under this procedure, no new evidence is submitted. Instead, the Federal Circuit reviews the USPTO's decision based on the administrative record developed before the USPTO. 15 U.S.C. § 1071(a)(4). Section 1071(a) does not include a cost-shifting provision. The second way to obtain review is by filing a civil action in a district court. 15 U.S.C. § 1071(b)(1). If that option is chosen, the proceeding is de novo, which enables the parties to bring new evidence to the court's attention in addition to the administrative record. A unique feature of this statutory scheme is the provision as to who bears the costs of such a civil action. "[U]nless the court finds the expenses to be unreasonable, all the expenses of the proceeding shall be paid by the party bringing the case, whether the final decision is in favor of such party or not." 15 U.S.C. § 1071(b)(3). In 2015, the Fourth Circuit interpreted § 1071(b)(3) to include within the definition of "expenses" the salaries of the USPTO lawyers and paralegals who worked on the litigation. See Shammas v. Focarino, 784 F.3d 219, 222–27 (4th Cir. 2015).

A similar structure exists when a patent application has been rejected by the USPTO. The applicant may either appeal the decision to the Federal Circuit, under 35 U.S.C. § 144 or file a civil action in this court under 35 U.S.C. § 145, in which case "[a]ll the expenses of the

3

proceeding shall be paid by the applicant." Id. In 2019, the United States Supreme Court held that the term "expenses" in § 145 did not include the salaries of the USPTO attorneys and paralegals. Peter v. Nantkwest, Inc., 140 S. Ct. 365 (2019). Other than excluding the USPTO's lawyers and paralegals' salaries from the expenses recoverable under § 145, the Supreme Court did not make any findings suggesting that § 145's expense allocation was unenforceable. Section 145 and 15 U.S.C. § 1071(b)(3) are essentially equivalent.

## III. ANALYSIS

Both parties agree that under the Peter decision, defendants are no longer entitled to recover the $51,472.53 previously awarded for the USPTO's personnel costs; however, they disagree over whether defendants are entitled to recover any expenses at all and whether plaintiff is entitled to recover its Bill of Costs.

### A. **Expenses Recovery**

Plaintiff repeats an argument it made to this Court when the expense issue was first raised in 2017, which is "whether requiring litigants seeking to vindicate their statutory rights under Section 1071 of the Lanham Act to pay the government's expenses, win or lose, and precluding even an offset to the prevailing party, infringes their rights under the First Amendment to petition the government for redress of grievances." In the Memorandum Opinion issued on October 26, 2017, the Court found that given the unique way in which the USPTO is funded—by user fees[2]—Congress's decision to impose the USPTO's costs of having to defend its decision on the party

---

[2] See Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 10, 125 Stat. 284,316 (2011) (recognizing the USPTO as exclusively an applicant-funded agency); Figueroa v. United States, 466 F.3d 1023, 1028 (Fed. Cir. 2006). If the USPTO were required to defend each of its denial decisions in a de novo civil action, each applicant's fees would have to be substantially increased. Congress does not violate its constitutional authority by making these types of economic decisions. See generally [Dkt. No. 110] at 12–16.

4

who brings a de novo proceeding was reasonable. Moreover, by providing an appeal to the Federal Circuit as an alternative means to obtain review of a USPTO denial of a trademark application, Congress enabled a disappointed applicant to obtain a less expensive review of such decisions.

To the extent that Booking has renewed its argument that § 1071(b)(3) is unconstitutional, the USPTO correctly responds that plaintiff failed to preserve this general attack on § 1071(b)(3) both in its appeal to the Fourth Circuit and in its petition for certiorari before the United States Supreme Court. In addition, nothing in the Supreme Court's remand suggests that the constitutionality of § 1071(b)(3) is before the Court. The Peter decision simply stands for the proposition that under the American rule, litigants bear the costs of their attorneys' fees, unless a statute explicitly awards attorneys' fees or a contract provides for them. All the Peter Court concluded was that the word "expenses" was too vague to cover attorneys' fees, in light of the long tradition of following the American rule.

For these reasons, the Court finds that Booking has waived any constitutional challenge to the expense shifting structure of § 1071(b)(3). Even if plaintiff had not waived this challenge, for the reasons previously discussed, the challenge would be denied. See [Dkt. No. 110] at 12–16.

### B. Plaintiff's Bill of Costs

The remaining issue is what, if any, costs Booking may use to offset the expenses it must pay to the USPTO. In the same Memorandum Opinion, the Court advised Booking that it could file a Bill of Costs to offset what it would have to pay to the USPTO.[3] A few days later, plaintiff

---

[3] Specifically, the Court stated: "There is nothing in this record preventing Booking, as the prevailing party, from submitting a bill of costs, which may offset some of the payment that it will owe to the USPTO." [Dkt. No. 110] at 22.

filed a Bill of Costs seeking a total of $12,894.50. Although the parties submitted briefs in 2019 addressing the Bill of Costs, before the Court could resolve the actual amount that was permitted to be offset, the parties noticed their appeals of the substantive decision. That left the actual amount of the offset unresolved; however, that plaintiff could offset whatever it had to pay the defendants by the amount awarded in the Bill of Costs had been decided by the Court. Therefore, as plaintiff argues, defendants have waived any argument that plaintiff is not entitled to an offset, because they did not include that decision in their appeal. Moreover, to the extent defendants argue that the "all expenses" portion of § 1071(b)(3) means that a successful litigant like plaintiff is not entitled to recoup any of its costs, that argument is undercut by the Supreme Court awarding Booking $300 in costs. Because defendants have waived this issue and the Supreme Court appears to have recognized that Booking is entitled to some transactional costs, the Court will overrule defendants' argument that plaintiff is not entitled to offset what it must pay defendants by the relatively nominal costs to which successful litigants are normally entitled under 28 U.S.C. § 1920.

### C. Amount of Costs

The remaining issue is the amount plaintiff may use to offset what it must pay the defendants. The Bill of Costs seeks $12,894.50. The defendants respond that if any costs are to be awarded to plaintiff, they should be limited to the specific costs listed in 28 U.S.C. § 1920, which would amount to $1,424.50. Under 28 U.S.C. § 1920, a prevailing party is entitled to recover a limited number of categories of expenses associated with the litigation.[4] In arguing that

---

[4] The costs that may be taxed are:
    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

plaintiff is only entitled to recover those specific expenses, defendants point out that the time that plaintiff's two experts charged for preparing for and attending depositions requested by the defendants is not a category of costs recognized in § 1920, and that only the $40 attendance fee for attending the deposition should be recoverable under § 1920. Plaintiff does not claim a right to the expert fees under § 1920, but argues that under Fed. R. Civ. P. 54(d) and 26(b)(4)(E), it has a right to a set off for the experts' fees. [Dkt. No. 147] at 3.

Having reviewed the costs sought, the Court finds that plaintiff is entitled to offset the amount it must pay the defendants by $1,724.50, which consists of $625.00 for Clerk's fees, $622.50 for service of summons and subpoena, $97.00 in travel fees, $80.00 in attendance fees for the two expert witnesses under § 1920, and the $300.00 in fees awarded by the Supreme Court. Plaintiff is not entitled to recover the $11,550.00 it sought for its expert fees under Fed R. Civ. P. 54(d)(1) and 26(b)(4)(E). Although recovery of such costs normally is available, under the unique and broad language of § 1071(b)(3) which provides that "<u>all</u> expenses" are borne by the plaintiff, the Court finds that plaintiff cannot recover its costs under Rules 54(d)(1) and 26(b)(4)(E). The parties have not pointed to, and the Court is not aware of, any cases in which courts have awarded those types of expenses in a trademark dispute brought under § 1071(b)(3). Because of the unique nature of § 1071(b)(3) proceedings and the structure of the USPTO's funding based entirely on user fees, the Court does not find that awarding fees under Rules 54(d)

---

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

and 26(b)(4)(E) is appropriate. On the other hand, the <u>de minimus</u> cost for the basic fees needed to initiate and prosecute a lawsuit, reflected in the § 1920 costs the Court is awarding, is consistent with the Supreme Court awarding plaintiff $300 in costs.

## IV. CONCLUSION

For the reasons discussed above, the portion of the Order entered on October 26, 2017 which required plaintiff to reimburse the USPTO $76,873.61 for its expenses will be reduced to $23,676.58, by an Order to be issued with this Memorandum Opinion.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record.

Entered this 3rd day of June, 2021

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge